IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY L. SHEPHARD, et al. | : | |
|       Plaintiffs | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 09-cv-1436 |
| AETNA LIFE INSURANCE COMPANY | : | |
|       Defendant | : | |

## MEMORANDUM OPINION

GOLDEN, J.                                                                                                    AUGUST 7, 2009

      Plaintiffs, Tammy L. Shepard and Lorri A. Hendrikse, are the adult children of decedent William C. Hendrikse. (Compl. ¶ 4). The employer of the decedent, Monet Graphics, Inc., provided its employees, including the decedent, with life insurance policies issued by Defendant Aetna Life Insurance Company as an employee benefit. (Id. ¶¶ 5-6). Plaintiffs are the named beneficiaries under the decedent's life insurance policy with Defendant. (Id. ¶ 8). After the decedent's death, Plaintiffs filed a claim for death benefits, valued at approximately $9,750.00, under the life insurance policy. (Id. ¶¶ 6, 10). Defendant denied the claim, and Plaintiffs seek the full death benefit amount under the life insurance policy. (Id. ¶ 10). Plaintiffs initially filed their Complaint in the Pennsylvania Court of Common Pleas of Chester County. (Doc. No. 1). Defendant removed the civil action to this Court on April 2, 2009. (Id.). Before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint, (Doc. No. 4), and Plaintiffs' Motion for Leave to File an Amended Complaint. (Doc. No. 6). For the reasons that follow, Defendant's Motion to Dismiss is granted and Plaintiffs' Motion for Leave to File an Amended Complaint is denied.[1]

---

[1] Defendant's pending Motion to Dismiss was filed on April 9, 2009, (Doc. No. 4), and Plaintiffs' response was due on April 23, 2009. See Loc. R. Civ. P. 7.1(c) (stating that opposition briefs are due "within fourteen (14) days after service of the motion and supporting brief"). Plaintiffs did not file a timely response. On June 4, 2009, the Court filed a Rule to Show Cause ordering Plaintiffs to respond "no later than five (5) days from the date of this Rule." (Doc. No. 5). On June 8, 2009, rather than responding to the Court's Rule to Show Cause, Plaintiffs instead filed a Motion for Leave to File an Amended Complaint. Plaintiffs' Motion does not include an accompanying memorandum of law identifying legal support for amendment. While the Court will examine the merits of Defendant's Motion to Dismiss and Plaintiffs' Motion for Leave to File an Amended Complaint, further failure to

A.     **Defendant's Motion to Dismiss**

Plaintiffs' original (and operative) Complaint appears to be asserting a state law breach of contract claim. (Compl. ¶ 10). The Complaint alleges that the decedent's employer, Monet Graphics, Inc., "paid all necessary policy premiums for said group life insurance policy covering the life of [decedent] William C. Hendrikse from July 1, 2004 up through and including April 2008, the month of [decedent] Mr. Hendrikse's death." (Id. ¶ 7). According to Plaintiffs, despite these premium payments, Defendant refused to pay any death benefits to Plaintiffs. (Id. ¶ 10). Defendant filed a Motion to Dismiss the Complaint, (Doc. No. 4), which has not been formally opposed by Plaintiffs.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). When ruling on a motion to dismiss, the court must accept all factual allegations as true and draw all reasonable inferences in the plaintiffs' favor. Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). A court shall not inquire into "whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

Plaintiffs' Complaint must be dismissed because it asserts a state law breach of contract claim against Defendant based on an alleged denial of benefits claimed to be owed pursuant to an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). As a result, this state law breach of contract claim is preempted by ERISA. Congress intended 29 U.S.C. § 1132(a)(1)(B), the civil remedies provision of ERISA, "to be the exclusive

---

follow court rules by Plaintiffs will not be permitted by the Court.

remedy for rights guaranteed under ERISA." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 144 (1990).  In addition, ERISA expressly preempts "any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan . . . ."  29 U.S.C. § 1144(a) (emphasis added).  A law "relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."  Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983).  The U.S. Supreme Court has specifically held that breach of contract claims arising out of a failure to provide employee benefits under a group insurance policy are preempted by ERISA.  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987).  Indeed, "[s]tate law breach of contract claims are preempted by ERISA's express preemption clause when the contract breached is considered an employee benefit plan under ERISA."  Martellacci v. The Guardian Life Ins. Co. of Am., No. 08-2541, 2009 WL 440289, at *3 (E.D. Pa. Feb. 19, 2009) (quoting Gilbertson v. UNUM Life Ins. Co. of Am., No. 03-5732, 2005 WL 1484555, at *2 (E.D. Pa. June 21, 2005)).

Here, Plaintiffs are bringing suit "only to rectify a wrongful denial of benefits promised under [an] ERISA-regulated plan[], and do not attempt to remedy any violation of a legal duty independent of ERISA."  Aetna Health Inc. v. Davila, 542 U.S. 200, 214 (2004); see also 29 U.S.C. § 1002(1) (stating that an "employee welfare benefit plan" includes any program that provides benefits for contingencies such as illness, accident, disability, death, or unemployment); Schmelzle v. Unum Life Ins. Co. of Am., No. 08-0734, 2008 WL 2966688, at *3 (D.N.J. July 31, 2008).  This is evident by the group life insurance plan issued by Defendant and made available to the decedent through his employer—a plan which Defendant attached to its Motion and may be considered by the Court because Plaintiffs' claim is indisputably based on this plan.  See Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

document."), cert. denied, 510 U.S. 1042 (1994). Accordingly, it cannot be disputed that ERISA preempts Plaintiffs' state law breach of contract claim and, as a result, this breach of contract claim must be dismissed. See, e.g., Kmatz v. Metro. Life Ins. Co., 458 F. Supp. 2d 553, 557-58 (S.D. Ohio 2005) (holding, at Rule 12(b)(6) stage, that plaintiffs' allegations that MetLife breached the contract of insurance by paying life insurance proceeds to another individual was preempted by ERISA). Indeed, Plaintiffs have acknowledged this deficiency by attempting to amend their Complaint to allege an ERISA violation. (Doc. Nos. 6, 7).

**B.    Plaintiffs' Motion for Leave to File an Amended Complaint**

Because Plaintiffs' original breach of contract Complaint fails to state a claim, the Court will now examine the futility of Plaintiffs' new ERISA allegations, which Plaintiffs have presented to the Court in the form of a Motion for Leave to File an Amended Complaint and a Proposed Amended Complaint. (Id.). Plaintiffs' Proposed Amended Complaint restates most of the factual allegations in Plaintiffs' original Complaint, but adds that Defendant refused to pay Plaintiffs on the basis that the decedent was not insured. In particular, Plaintiffs contend that Defendant notified them that the decedent "had not returned to work" on or after July 1, 2004—the date the decedent became eligible under the life insurance plan—and therefore he was not "qualified as a member of the insured class of employees." (Proposed Amended Compl. ¶ 9). However, Plaintiffs claim that the decedent had, in fact, "returned to work after being out with an illness" on or after July 1, 2004 prior to his death on April 8, 2008. (Id. ¶ 10).

Rule 15 of the Federal Rules of Civil Procedure states that leave to file an amended complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A party generally should be permitted to amend a complaint where if it did so it could state a claim." Gen. Refractories Co. v.

Fireman's Fund Ins. Co., 337 F.3d 297, 309 (3d Cir. 2003).  "Amendment, however, is not automatic." Butz v. Lawns Unlimited Ltd., 568 F. Supp. 2d 468, 479 (D. Del. 2008).  A district court may exercise its discretion to deny the request "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2004).  Defendant contends, among other things, that leave to amend should be denied because Plaintiffs' ERISA claim is futile.  (Def.'s Resp. to Pls.' Mot. to Amend at 5-7).  "Futility" means that "the complaint, as amended, would fail to state a claim upon which relief could be granted."  In re Alpharma Inc. Sec. Litig., 372 F.3d 137, 153 (3d Cir. 2004) (internal quotations omitted).  Thus, in assessing "futility," the district court applies the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6).  Id. at 153-54.

Exhaustion of plan remedies is required in claims to enforce the terms of a benefit plan, but not in claims to assert rights established by the ERISA statute.  D'Amico v. CBS Corp., 297 F.3d 287, 290-91, 293 (3d Cir. 2002) ("Plaintiffs who fail to make known their desire for benefits to a responsible company official are precluded from seeking judicial relief."); accord Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990) (noting that this exhaustion requirement is "strictly enforced"), cert. denied, 499 U.S. 920 (1991); Zipf v. Am. Tel. & Tel. Co., 799 F.2d 889, 892 (3d Cir. 1986).  Put another way, absent an applicable exemption, a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan.  Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990); see also Moffit v. Whittle Commc'ns, L.P., 895 F. Supp. 961, 969 (E.D. Tenn. 1995) ("Exhaustion of administrative remedies is a prerequisite to commencing suit under ERISA to recover benefits alleged to be due under an employee welfare benefit plan.").  In ERISA cases regarding claims for benefits, courts have found that a failure to exhaust administrative remedies may

constitute grounds for dismissal under Rule 12(b)(6).  See, e.g., Menendez v. United Food & Commercial Workers Local 450T, AFL-CIO, No. 05-1165, 2005 WL 1925787, at *1-2 (D.N.J. Aug. 11, 2005) (dismissing, at Rule 12(b)(6) stage, plaintiff's ERISA claim for failure to exhaust administrative remedies).

Here, Plaintiffs' Motion for Leave to File an Amended Complaint must be denied, and Plaintiffs' Proposed Amended Complaint must be stricken.  Plaintiffs' Proposed Amended Complaint is futile because it fails to plead that Plaintiffs exhausted all administrative remedies before commencing their suit to recover benefits under the employee life insurance plan.  The plan at issue states that a beneficiary "will have 60 days following receipt of an adverse benefit decision to appeal the decision" and that this appeal request "must be submitted, in writing, and include . . . reasons for requesting the review."  (Def.'s Ex. B; Plan at 5).  Plaintiffs have not alleged that they availed themselves of the available administrative review mechanisms under the employer life insurance plan, nor have they claimed that availing themselves of these mechanisms would be futile.  The Court finds particularly significant the fact that Defendant's Motion to Dismiss notes that Plaintiffs' original Complaint fails to allege exhaustion of administrative remedies, yet Plaintiffs' subsequent Proposed Amended Complaint still does not address this exhaustion issue.  Accordingly, because Plaintiffs have failed to sufficiently allege that they exhausted available administrative remedies, their ERISA claim, as alleged, is futile and amendment will not be permitted.

An appropriate order will be docketed.